IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRIGITTE DIANE HOWARD,<br><br>       Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | 1:20-CV-304 |

**REPORT AND RECOMMENDATION**

Pending is the Plaintiff, Brigitte Diane Howard's, *Motions for Attorney's Fees* (Doc. Nos. 24 and 26.) Defendant Commissioner filed a response indicating that he neither supports nor opposes counsel's fee request. (Doc. No. 28.) Counsel's attachment to the application for attorney fees includes a recitation of legal services performed and time required. Furthermore, because Howard prevailed on the remand of her claim, counsel seeks $15,925.50, which represents 25% of the past-due award pursuant to a contingency fee agreement.[1] After an independent review of the record, the court finds that the amount of time expended and fee sought is reasonable.

Therefore, the undersigned United States Magistrate Judge recommends that:

1. Plaintiff's application for attorney's fees (Doc. No. 26) be granted in the amount of $15,925.50, which represents 25% of her past-due award pursuant to the contingency fee agreement and in accordance with Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1);

2. This award be subject to any beneficial, contractual and/or assignment-based interests held by the Plaintiff's attorney; and

---

[1] The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

      3.     The § 406(b) fees shall be paid out of Plaintiff's past-due benefits in accordance with agency policy and Plaintiff's counsel must refund any EAJA fee received in this matter.

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 25th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge

2